IN THE DISTRICT COURT OF CREEK COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK
JUL 11 2012
TIME 8:11
Amanda VanOrsdol, COURT CLERK

JANE DOE, )
)
    Plaintiff, )
)
v. ) Case No: CJ 2012-269
)
DEFENDANT A, )
DEFENDANT B, )
DEFENDANT C, and )
DEFENDANT D, )
    Defendants. )

## PLAINTIFF'S SUPPLEMENT TO APPLICATION FOR PROTECTIVE ORDER AND INSTRUCTIONS

COMES NOW the Plaintiff and, in supplement to her previously filed Application for Protective Order, presents this additional argument and authority regarding the proper naming of Defendants.

Plaintiff followed the mandates of the language of 12 O.S. § 3226(C)(7) which requires that both Plaintiff's *and* Defendants' names be concealed in the initial filing if the use of a pseudonym is desired. In a prior case, Plaintiff's Counsel then sought an Order of the Court providing for the disclosure of Defendants' identities. Such an Order was granted by Judge Nightingale in the case of *Doe v. Diocese of Tulsa*, CJ09-8232.

Several other Tulsa County cases have proceeded with Plaintiffs remaining anonymous while the Defendant's identity is disclosed. See, for instance, *Doe v. Harvey & Oklahoma Baptist Homes for Children*, Judge Fitzgerald, CJ 2008-624; *Doe & K.J. v. Amateur Softball Association, et al.*, Judge Morrissey, CJ 2007-8515; *Roe & Doe v. Grace Fellowship, et al.*, Judge Kuehn, CJ 2009-4767



and *J.C.M. v. Grace Fellowship, et al.*, Judge Thornbrugh, CJ 2009-5428; and *Roe & Doe v. St. Francis Hospital, et al.*, Judge Fitzgerald, CJ 2007-7914.

The legal impetus for disclosing Defendants' identities here is compelling. Remaining anonymous requires a showing that the interest of justice requires anonymity.[1] In the present case, no such showing can been made. The defendant's request for anonymity must be evaluated separately from the Plaintiff's request.[2] The fact that the Plaintiff has or has not been granted anonymity does not figure into the calculus where the Defendant's request is concerned.[3]

Many courts looking at the issue of Defendant anonymity have held that it is not appropriate. "In one of the first cases to directly address the propriety of a defendant's request for anonymity, a Connecticut state court denied anonymity to a clergyman accused of sexual abuse."[4] In that case, *Doe v. Diocese Corp.*, 647 A.2d 1067, 1075 (Conn. Super. Ct. 1994), the state court stressed "the public's overriding interest in the operation of a large religious organization."[5] That Court pointed out that an institution cannot claim harm to a substantial privacy interest. It also feared that any charitable or religious institution brought into

---

[1] 51 O.S. § 24A.29
[2] *Doe v. Diocese Corp.* 647 A.2d 1067 (Conn. 1994), at 173
[3] Id. at 173.
[4] 29 Loy. U. Chi. L.J. 141, 160 (Fall 1997).
[5] Id.

court could request anonymity based upon potential harm to its activities. Finally, the Court found that there was no adequate proof of harm from the disclosure of the Defendant's name.[6]

Similarly, a New Jersey state court refused to allow a minister to proceed anonymously in a case involving allegations of sexual abuse.[7] In *T.S.R. v. J.C.*, two Plaintiffs brought an action against their former minister, J.C., whom they claimed had sexually abused them from 1979 through 1982. The Defendant, J.C., moved the court to shield his identity, arguing that the case would release to the public meritless and baseless allegations that might damage his life, reputation, and family. J.C. also claimed that the Plaintiffs were improperly using the threat of public disclosure as an incentive to induce settlement. At issue in the case was a New Jersey statute providing that the names and identities of both the victim and Defendant in sexual abuse cases be kept confidential. The Court ultimately looked to the "true legislative intent" behind the statute to determine that the statute was primarily concerned with protecting the victim's rights rather than those of the Defendant sexual abuser. Thus, despite the existence of a state statute explicitly providing for Plaintiff and Defendant anonymity, the Court still refused to grant the Defendant anonymity status. In its decision, the Superior Court of New Jersey placed much emphasis on the presumption of openness in judicial proceedings. In addition, the Court reasoned that because J.C., a minister with a sense of responsibility to the public, had been accused of criminal activity, the public had a substantial interest in knowing his identity. The Court

---

[6] Id.
[7] *T.S.R. v. J.C.*, (N.J. 1996)

3




also considered a number of other policy factors that weighed against granting the Defendant anonymity. Like the *Diocese Corp.* Court, the *T.S.R.* Court relied on a "slippery-slope" argument, noting that the granting of a protective order in that instance would have comported with allowing all Defendants accused of sexual abuse the right to proceed anonymously.[8]

The Oklahoma Supreme Court does not appear to have addressed the issue of Defendant anonymity. However, the Supreme Court's opinion regarding sealing Court records is indicative of how it would likely address the present situation. In *Collier v. Reese*, 223 P.3d 966, 2009 OK 86, the Court addressed a "gag order" entered by the Washington County court. In overturning that order, the Court pointed out that "Although there may be certain circumstances where sealing at least a portion of the record serves an important function, a sealed record is a burden on the courts and an extreme inconvenience to attorneys," it then went on to hold that the gag order was improper because no effort was made to show that the alleged threat to a fair trial was anything more than a possibility.

The public's right to know what happened at an educational facility holding itself open to the public certainly outweighs the privacy interests of the institutions. In *Roe v. Wetmore*,[9] the Defendant was sued in her individual capacity for an alleged incident that occurred to a minor child that was under her care and supervision at a licensed day care center that the Defendant was operating out of her residence. The Plaintiffs alleged, among other things, that the Defendant failed to properly supervise the children in her care, and failed to

---

[8] Id. at 1074
[9] *Roe v. Wetmore*, 2009 WL 1532501 (Conn. Super.)

4

 

notify the Plaintiff and the proper authorities of the abuse. The alleged negligent acts and omissions are solely attributed to the Defendant. The Plaintiffs alleged that they suffered personal injuries, and that their minor daughter suffered physical, mental and emotional harms, as a result of the Defendant's negligence.

The Defendant moved to be identified by a pseudonym. The Court denied the motion. The Court concluded that the privacy interests of the Defendant were not so substantial so as to override the public interest in the disclosure of the Defendant's name. The Defendant was not the victim of a sexual assault. Rather, the Defendant was alleged to have been negligent in her care and custody of the Plaintiff's minor child. The general social embarrassment and humiliation that the Defendant claimed might occur to her and her family, viewed in light of the circumstances, did not override the principle of judicial openness, and the public's right to know the identity of the parties to an action.

The Court stated that there is a strong public interest in knowing that the Defendant was being sued for an alleged incident involving the sexual assault of a minor child.

The only possible basis for allowing Defendants to remain anonymous in the present case is some theoretical right to privacy. As to the institutions, it is arguable whether there is such a right. As to the individual, the acts alleged herein are such that there is a threat of harm to other members of the public who would have a right to know about the allegations herein. There are also several practical reasons why the disclosure of Defendants' identities will prejudice Plaintiff. Plaintiff will be hampered in their investigation by the restrictions in place. For instance, Plaintiffs would like to send an Open Records Request to the

Oklahoma Department of Human Services (OKDHS). However, without being able to disclose the Defendants' identity, Plaintiffs cannot properly make such a request. Efforts to find and interview witnesses, and individuals who might know of witnesses, will likewise be hindered, if not made impossible, because Plaintiff's counsel will not be able to freely disclose Defendants' identities.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order allowing this case to proceed with the proper names of the Defendants disclosed and for all other relief which this Court deems just.

Respectfully submitted,

CARR & CARR, ATTORNEYS

By: _____

Patrick E. Carr, OBA #1506
pcarr@carrcarr.com
A. Laurie Koller, OBA #16857
lkoller@carrcarr.com
Carr & Carr, Attorneys at Law
4416 S. Harvard
Tulsa, OK 74135
Ph: (918) 747-1000
Fax: (918) 747-7284
Attorneys for Plaintiffs