IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Jane Doe, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-00392-JHP-TLW |
| | ) |
| Defendant A, Defendant B, Defendant C, and Defendant D, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AND BRIEF IN SUPPORT**

COMES NOW the Plaintiff and moves the Court to issue an Order protecting the confidentiality of the Plaintiff's identity. When balancing open courts with the interest of safeguarding the physical and psychological well-being of the Plaintiff, the scale clearly tips in favor of protecting the Plaintiff. Therefore, Plaintiff should be allowed to proceed with this action using the pseudonym Jane Doe.

**BACKGROUND FACTS**

Plaintiff Jane Doe received mental health counseling from Defendant A at her high school. When Plaintiff was 16 years old, Defendant A began to sexually abuse the Plaintiff. The abuse continued for six or seven months, while Plaintiff was 16 and 17 years old. The abuse included sexual intercourse, sodomy, and other explicit conduct. Evidence of this abuse includes photos and text messages that are highly explicit. Testimony at hearings and related documents will include testimony of a psychiatrist and others about the Plaintiff's mental status and

1

psychological injuries suffered as a result of being manipulated into sexually explicit behavior.

This lawsuit was filed within a few months of the Plaintiff's 18th birthday. Although Plaintiff is now 18, she remains a vulnerable victim. She was seen by Defendant A because of mental health issues in the first place. The sexual abuse that occurred has left her even more psychologically damaged. Although the law now deems her an adult, she does not yet have the emotionally maturity of an adult.

Plaintiff has made claims against the counselor, his employer, and her school. Plaintiff is still a high school student at the school where this abuse began and presumably will be for at least another school year. Plaintiff will suffer additional psychological harm if other teachers and students hear the excruciating details of her physical and sexual abuse. See, Affidavit of Plaintiff attached as Exhibit A (filed under seal). Plaintiff's psychiatrist agrees that preserving the Plaintiff's confidentiality is in Plaintiff's best interests from a mental health perspective. Exposure will simply cause additional psychological harm. See, Affidavit of Dr. Arambula, attached as Exhibit B.

## PROCEDURAL HISTORY

Pursuant to Oklahoma state law, 51 O.S. § 24A.29(F), when a case is filed in which a party intends to seek an order withholding material from the public record, "the parties shall be initially designated on the petition under a pseudonym such as "John or Jane Doe", or "Roe", and the petition shall clearly indicate that the party designations are fictitious. The party seeking confidentiality or other order withholding or removing the case, in whole or in

part from the public record, shall immediately present application to the court, seeking instructions for the conduct of the case, including confidentiality of the records." Plaintiff immediately presented Application to the court requesting such instructions. The state court entered a Protective Order on June 22 and set it for hearing on July 16, 2012, so that Defendants could attend and be heard. At the time the lawsuit was filed, Plaintiff also filed a document under seal, pursuant to the Court's direction, identifying all parties. This identification has been provided to all parties. Prior to the hearing on the Protective Order, the Defendants removed this matter to this Court.

<u>The Order that was entered by the state court protects the identity of the Plaintiff.</u> It does not address anonymity of the Defendants. However, as state law required the Petition to be initially filed with all parties anonymously, directions regarding the conduct of the case as far as the continuation of pseudonyms after the initial filing are needed.

Plaintiff has taken steps to preserve her anonymity in this matter. Prior to filing this civil lawsuit, Plaintiff filed a *pro se* protective order against her abuser. She was an emotionally distraught victim of sexual abuse who was scared and intimidated and unaware of her legal options. She and her mother were concerned about the Plaintiff's safety and sought legal protection from the court. Once Plaintiff received legal advice on the matter she realized that it may be possible to avoid having her identity disclosed. See, Plaintiff's Affidavit attached as Exhibit A (filed under seal). Plaintiff is currently seeking an expungement of the court records from public inspection pursuant to 22 O.S. §60.18.

Shortly after removal, this Court *sua sponte* filed the Application anew (Document 19). The Court then denied the Application because it did not reflect whether the Defendants objected to the Application or not (Document 23). The Court granted permission to refile the Application. Given that federal law now governs this matter, Plaintiff files this Motion for Protective Order in place of the previous Application.

## STATEMENT OF GOOD FAITH CONFERENCE

Plaintiff's counsel has contacted defendants' counsel. Counsel for Defendants C and D (school and school board) has an objection to anonymity for any party; counsel for Defendants A and B (counselor and his employer) have no objection to anonymity for **all** parties. Plaintiff seeks to have anonymity for herself but opposes it for Defendants.

## ARGUMENT AND AUTHORITIES

It is necessary in the interests of justice that Plaintiff's identity and the identities of the members of Plaintiff's family be withheld from the public record and that this action proceed with Plaintiff identified only by pseudonym. The public identification of Plaintiff as a victim of this abuse will cause further psychological harm to Plaintiff. It is **not necessary** or in the interests of justice to identify the Defendants by pseudonyms.

Plaintiff acknowledges that we have a long history and revered tradition of open access by the public to the courts. There is, however, no constitutional "right of access to civil proceedings or to the court file in a civil proceeding." *Webster Groves School District v. Pulitzer Publishing Co.*, 898 F.2d 1371 (8th Cir. 1990). Even criminal trials may be sealed if the trial court finds it is in the

interest of the victim to do so. *See, Globe Newspaper v. Superior Court for County of Norfolk*, 457 U.S. 596 (1982). Instead, the courts have undertaken a weighing process which balances the desire for open access with other public policy goals that may be fostered by anonymity.

> Courts have long recognized, however, that the circumstances of a case, particularly where litigants may suffer extreme distress or danger from their participation in the lawsuit, may require that plaintiffs proceed without revealing their true names. Courts have found that plaintiffs could proceed anonymously because they feared that revealing their true identities would lead to physical violence, deportation, arrest in their home countries and retaliation against the plaintiffs' families for bringing suit. . . . People seeking access to abortions at a time when they were generally illegal also received leave to proceed using pseudonyms. See *Roe v. Wade*, 410 US 113, 93 S Ct 705(1973). Courts have allowed those suffering from mental illness to use pseudonyms. See, e.g., *Doe v. Colautti*, 592 F2d 704 (3d Cir 1979). Children bringing a controversial challenge to a school-sponsored religious program were also granted anonymity in the face of threatened harm for their views. *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981).

*Doe v. Pleasant Valley Public Schools*, 2007 WL 2234514 (M.D.Pa.)(attached as Exhibit C).

One of the few areas that have justified significant anonymous litigation is the sexual assault victim. This has been especially true where the abuse occurred while the plaintiff was a minor. The public policy reasons for allowing anonymity in these types of cases is compelling.

> The same argument is equally compelling in the civil justice system. Over the last decade, the civil justice system has proven more effective at identifying sexual predators and those that were complicit in their crimes than almost any area of law imaginable. In that time, much has been learned about the shortcomings of the criminal justice system in identifying predators and those who help them. Despite their dedicated, effective and increasingly sophisticated

5

> efforts, criminal prosecutors have often been hamstrung by short criminal statutes of limitations, limited discovery tools, and limits on retroactive legislation. The civil justice system has filled this gap in thousands of cases, the overwhelming majority of which were brought by allowing the victim to use a pseudonym. Our system and our communities are safer as a result of the identification of these sexual predators. It would be very difficult to justify the suppression of the identity of these predators on grounds that the plaintiffs' identity had to be revealed.

*Bench & Bar of Minnesota, February 2012 "Using Pseudonyms in Sexual Abuse Cases" (attached as Exhibit D).* These goals were acknowledged by the Supreme Court in *Globe Newspaper Co. v. Superior Court for County of Norfolk*, 457 U.S. 596 (1982). Although that case involved the sealing of a criminal trial, rather than civil, the Court recognized that a trial court could determine closure to protect the welfare of a victim. "Among the factors to be weighed are the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives." *Id.* at 608. The dissenting opinion by Justices Burger and Rehnquist acknowledged a "long history of exclusion of the public from trials involving sexual assaults, particularly these against minors." *Id.* at 614. Justification for anonymity is to "prevent the risk of severe psychological damage caused by having to relate the details of the crime in front of a crowd which inevitably will include voyeuristic strangers." *Id.* at 618. Similarly, "the courts stress the serious embarrassment and shame of the victim who is forced to testify to sexual acts or whose intimate life is revealed in detail before a crowd of the idly curious." *Id.* at 618, fn 6 citing Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom*, 77 Colum.L.Rev. 1, 88 (1977).

Most Circuits have found that it is proper to allow victims of sexual crimes to proceed under pseudonyms in civil cases. The Tenth Circuit is no exception. It has "recognized that there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). The Tenth Circuit stated, "We have held that it is proper to weigh the public interest in determining whether some form of anonymity is warranted." *Id.*

In *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190-91 (2nd Cir. 2008), the Second Circuit Court of Appeals ruled that when considering whether to allow a plaintiff to proceed anonymously, a court must balance plaintiff's interest in proceeding anonymously against the interests of defendants and the public. Failure to balance these interests constituted an abuse of discretion requiring reversal. *Id.*

In *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) the Seventh Circuit Court of Appeals concluded that exceptional circumstances that warrant allowing the use of fictitious names include protecting the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Id. See also*, *Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004) (Acknowledging use of fictitious pseudonym is appropriate where plaintiff is a minor, a rape or torture victim, or was subject to a sexual assault.).

"The Ninth Circuit does allow the use of pseudonyms in unusual cases where concealing a party's identity is necessary to protect that party from 'harassment, injury, ridicule, or personal embarrassment.'" *Doe v. Texaco, Inc.*, 2006 WL 2850035, *3-4 (N.D. Cal. 2006) (citing *United States v. Doe,* 655 F2d

7

920, 922 n. 1 (9th Cir. 1981) and *Does I thru XXIII v. Advanced Textile,* 214 F.3d 1058, 1068 (9th Cir. 2000))(attached as Exhibit E).

In *Plaintiff B v. Francis*, 631 F.3d 1310, 1319 (11th Cir. 2011), the Eleventh Circuit Court of Appeals ruled that the District Court abused its discretion when refusing to allow a minor to proceed anonymously in a civil case involving child pornography. Specifically, the appellate court found that the District Court had given inadequate consideration to the degree of intimacy that the plaintiff's testimony would involve given the subject matter of the lawsuit was sexually explicit images of a minor. *Id.* at 1316. According to the court:

> The issues involved in this case could not be of a more sensitive and highly personal nature - they involve descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities.

*Id.* at 1317. In addition, the Court also ruled that the district court erred by not considering the amount of harm losing anonymity would cause the plaintiff. *Id.* at 1318. The court explained:

> The court completely disregarded one of their expert's testimony on the psychological damage of being labeled a "slut" and dismissed testimony from the other expert - a clinical psychologist who interviewed and evaluated Plaintiff B . .. as conclusory.

*Id.* at 1317-I8. Finally, the court held "[t]he district court failed to give due consideration to the concerns of the Plaintiffs raised about being forced to maintain the suits in their own names. Justice should not carry such a high price." *Id.* at 7319.

District Courts have also supported anonymity for the sexual abuse victim. ln *Doe v. Evans*, 202 F.R.D. 173, 175-76 (E.D. Pa. 2001), the District Court

8

conducted a balancing test similar to that described above and ruled that a plaintiff's use of a pseudonym in a civil sexual assault case was justified. Similarly, in *Doe v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006), the District Court ruled that it was proper for an adult plaintiff who was sexually abused by a rabbi when the plaintiff was a child, to proceed anonymously. *But see, Doe v. Shakur*, 164 F.R.D. 359, 361- 62 (S.D.N.Y. 1996) (Adult plaintiff who alleged that she was sexually assaulted by famous musician <u>as an adult</u> was not allowed to pursue claim anonymously.)

Requiring the Plaintiff to be publicly identified as a victim of sexual assault will injure the Plaintiff. It is difficult to imagine something more personal, private and mentally damaging than public images and discussion of a vulnerable child engaged in sexually explicit conduct at the direction of an adult. *See Plaintiff B*, 631 F.3d at 1317. Requiring the Plaintiff to publicly disclose her name in this lawsuit would cause the Plaintiff damage that is in addition to the profound damage caused by the sexual abuse.

There is no prejudice to the Defendant if Plaintiff's name is not known to the public and there is no compelling public interest that will be served by requiring the Plaintiff to disclose her identity. Plaintiff has disclosed her identity in sealed documents provided to all Defendants so they are at no disadvantage. See, Plaintiffs' Identification Of Parties And Persons, filed under seal in state court and removed under seal in this Court. The compelling public interest actually lies in the identity of the Defendant. Parents must be able to protect their children from known sexual abusers and child pornographers. Naming the Plaintiff does not serve this compelling interest. In fact, requiring victims of child

sexual abuse to disclose their identity in order to file a civil lawsuit could result in fewer victims being willing to identify child abusers and pornographers and pursue this type of litigation. A concern shared by Justices Burger and Rehnquist in their dissent in *Globe*. *Globe*,457 U.S. at 615-619, 102 S.Ct. at 2625-2626 ("The mere possibility of public testimony may cause parents and children to decide not to report these heinous crimes. If, as psychologists report, the courtroom experience in such cases is almost as traumatic as the crime itself a state certainly should be able to take whatever reasonable steps it believes are necessary to reduce that trauma.)

In the present case, there is abundant reason to allow Plaintiff to proceed anonymously. The matter at issue involves the sexual abuse of a minor. Although nominally an adult, the Plaintiff was in a vulnerable state prior to the abuse and is even more vulnerable now. Further, Plaintiff remains in the environs in which the abuse began, surrounded by people who know both the victim and her abuser. On a personal level, Plaintiff's expert believes that Plaintiff will sustain additional psychological harm form the disclosure of her identity. On a community level, the public policy goals of detecting child sexual abuse and encouraging other victims to come forward would be hindered if a Plaintiff were required to be publicly scrutinized and further harmed when bringing civil claims.

WHEREFORE, Plaintiff requests that the Court enter an Order allowing this action to proceed with Plaintiff identified only by a pseudonym; allowing the disclosure of the Defendants' identities; and restyling the matter to include the Defendants' correct names.

The Court should also prohibit each Defendant from disclosing Plaintiff's identity and order that anything filed with the Court that identifies Plaintiff or any member of Plaintiff's family be filed under seal.

The Court should order any party seeking to file protected materials to do so in compliance with the Federal Rules of Civil Procedure and all local rules governing how confidential materials are to be handled.

Plaintiff also seeks any other direction and orders of the Court that the situation warrants.

Respectfully submitted,

**CARR & CARR, ATTORNEYS**


By: /s/ A. Laurie Koller
 A.  Laurie Koller, OBA #16857
 Patrick E. Carr, OBA #1506
 Raymond S. Allred, OBA #11747
 4416 South Harvard
 Tulsa, OK  74135
 (918) 747-1000
 (918) 747-7284 Fax
 Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 1st day of August, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

James K. Secrest, II, Esquire
James K. Secrest, III, Esquire
Secrest, Hill, Butler & Secrest
7134 South Yale Ave., Suite 900
Tulsa, OK 74136
Attorneys for Defendant A

J. Spencer Bryan, Esquire
Steven J. Terrill, Esquire
Bryan & Terrill Law, PLLC
401 South Boston, Suite 2201
Tulsa, OK 74103
Attorneys for Defendant B

Eric D. Wade, Esquire
Rosenstein, Fist & Ringold
525 South Main, Suite 700
Tulsa, OK 74103
Attorneys for Defendants C and D

                                                                By:    /s/ A. Laurie Koller
                                                                           A. LAURIE KOLLER