OFFICIAL PUBLICATION OF THE MINNESOTA STATE BAR ASSOCIATION

VOLUME LXIX NUMBER II
FEBRUARY 2012
www.mnbar.org

# Bench&Bar
## OF MINNESOTA

## Using Pseudonyms in Sexual Abuse Cases

- The AMICUS Society
- Summary of Admonitions
- A Long Road Traveled, A Long Way to Go
- Divorce Mediation
- The "Poor Man's Will"

PLAINTIFF'S EXHIBIT D

# Using Pseudonyms in Sexual Abuse Cases

Allegations of sexual abuse pose particular challenges for courts that must balance the public's right to know what's happening in the judicial system against the very real risk that victims may be revictimized if not allowed to shield their identity.

BY PATRICK NOAKER



Illustration © by Kaja Ward, Stock Illustration Source

With much attention paid to recent sexual abuse allegations and decades of reports involving clergy sexual abuse of minors, it is not surprising that the treatment of crime victims in the legal system is front and center. Attorneys, judges and legislators across the country are wrestling with ways to remove barriers to the justice system for victims of sexual abuse and other crimes, while at the same time maintaining an open and fair justice system. Some of the loudest debate focuses on whether to allow a crime victim to use a pseudonym, such as Jane Doe, John Doe, or a set of initials, rather than his or her name.

Those who oppose allowing victims to use pseudonyms claim that this practice would violate the principles of openness to the public that characterize our courts. In contrast, advocates claim that crime victims should not be subjected to further trauma and humiliation. Forcing a sexual assault victim to reveal his or her identity would result in further harm and would only serve to revictimize. Advocates also warn that forcing victims to be identified publicly would discourage victims from reporting criminal activity, especially sex crimes, because the cost of public humiliation is simply too high.

State and federal courts have employed pseudonyms for decades. For example, *Roe v. Wade*,[1] one of best-known United States Supreme Court cases, involves use of a pseudonym. Similarly, plaintiffs commonly use pseudonyms in Minnesota state courts. For example, a mentally ill patient,[2] sexual abuse victims,[3] and a physician who had been the subject of dismissed disciplinary complaints[4] have all used pseudonyms to pursue claims in Minnesota courts.

Unfortunately, when a plaintiff will be allowed to use a pseudonym is not always clear. Competing interests shape the discussion on the use of pseudonyms. For the most part, there are two major competing interests on this issue: 1) the constitutional principle that judicial proceedings are open to the public, and 2) the need to provide victims of crimes access to the court system without revictimizing them.

### Public Access to Courts

The fact that court proceedings are public poses a major challenge to using pseudonyms in court proceedings. As United States District Court Judge James Rosenbaum stated in *Luckett v. Beaudet*, "A trial is a public event. What transpires in the court room is public property. ... When a party invokes the judicial powers of the United States, she invites public scrutiny of the dispute and the proceeding. The people have a right to know who is using their courts."[5]

The concept of open courts has been a pillar of Western court systems from the very beginning. In *Richmond Newspapers, Inc. v. Virginia*, Chief Justice Warren Burger acknowledged that throughout history open courts have always been a part of the Anglo-American trial.[6] Having courts that are open to the public assures that the trial is conducted fairly and discourages perjury and other misconduct of the participants. The chief justice also noted that the public's right to attend criminal trials is implicit in the guarantees of the 1st Amendment.[7] This 1st Amendment right of public access also extends to judicial records and court documents in criminal cases.[8] This same 1st Amendment right of public access also applies to civil proceedings and the related judicial records and court documents.[9]

### Victims in Criminal Proceedings

Despite the 1st Amendment provisions for public access to criminal proceedings, victims of sexual assault and children who are victims are entitled to have their identity protected from public disclosure during criminal proceedings. Recognizing the risks of psychological harm to the victims as well as the possibility that victims will refuse to report crimes if they are subjected to further injury and public humiliation, both the state of Minnesota and the United States have enacted laws that protect children and victims of sexual assaults from being identified publicly. In Minnesota, law enforcement and other governmental entities are prohibited from disclosing to the public the identity of a victim of child abuse, neglect, or criminal sexual conduct.[10]

Federal law has similar provisions. Once a federal judge determines that requiring a child to testify in open court would cause substantial psychological harm to the child, the court may order that the identity of a child victim remain confidential, close the courtroom, and order that all documents that disclose the identity of the child be filed under seal.[11]

These protections are consistently used by prosecutors and courts to insure that the child or sexual abuse victim is not subjected to further psychological harm by being publicly identified by name. In addition, these protections are narrowly tailored both to protect the psychological well-being of children and sexual abuse victims and to honor the 1st Amendment right of public access to courts.

### Plaintiffs in Civil Cases

Unfortunately, the law is not as clear for plaintiffs in civil cases. The Minnesota statute that prohibits disclosure of the identity of an abused child or a victim of criminal sexual conduct applies only to agencies that carry on law enforcement or social service functions.[12] Despite this limitation, Minnesota courts have applied the clear policy that pseudonyms should be used when public disclosure of a victim's name would cause further psychological harm to the victim to civil cases as well. That is why using pseudonyms has been an accepted practice in the Minnesota state courts for decades.[13]

The same is not true in federal courts. The federal law protecting child victims is part of Title 18 of the United States Code that applies to crimes and criminal procedure and the statute specifically states that it applies to criminal proceedings.[14] Application of this policy to federal civil cases has taken a more circuitous route.

### Child Plaintiffs in Civil Cases

Generally, courts have allowed children to remain anonymous in civil cases. For example, in *Webster Groves School District v. Pulitzer Publishing Company*, the 8th Circuit Court of Appeals considered a case where the district court judge closed a civil hearing involving a child.[15] In its analysis, the 8th Circuit noted that any 1st Amendment right of the public to access to the proceedings was a qualified right, not an absolute right, because the subject of the proceedings was a child.[16] The court noted state and federal laws protecting children in juvenile delinquency proceedings as well as federal educational privacy laws that protect student records and identity were instructive as examples of circumstances where 1st Amendment rights could be limited.[17] When considering courtroom closure in a civil case, the court confirmed that "'safe-guarding the physical and psychological well-being of a minor'

> Over the last decade, the civil justice system has proven more effective at identifying sexual predators and those that were complicit in their crimes than almost any area of law imaginable.

is a 'compelling' state interest" and that the factors to be considered by the court are the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of the parents and relatives.[18] The court then held that the district court had appropriately closed the proceedings.[19]

With that said, there is no blanket rule that requires the identities of children who are victims of crime to be kept from the public. In fact, each case must be evaluated to determine whether such protection is required to protect the physical and psychological well-being of the child involved.[20]

### Adult Victimized as Child

When considering the category of adult plaintiffs who were victims of crime as children, the law is similar. For example, there is legal support for allowing adult plaintiffs to proceed anonymously where the crime is a sexual assault or some other crime involving crimes of intimacy. In *Plaintiff B v. Francis*, the 11th Circuit Court of Appeals considered using pseudonyms in a child pornography case.[21] In its ruling, the appellate court found that the district court had given inadequate consideration to the degree of intimacy that the plaintiff's testimony would involve, given the subject matter of the lawsuit was sexually explicit images of a minor and the amount of psychological harm losing anonymity would cause. According to the court "[t]he district court failed to give due consideration to the concerns of the Plaintiffs raised about being forced to maintain the suits in their own names. Justice should not carry such a high price."[22]

### Plaintiff Victimized as Adult

When considering the category of adults who were victimized as adults, the requirements for using pseudonyms appear more demanding. In the 1998 case, *Luckett v. Beaudet*, the court refused to allow an adult woman seeking damages for sexual discrimination and coercion to proceed using a pseudonym because the woman failed to provide sufficient evidence that proceeding with a pseudonym was warranted. Despite this ruling, the court noted that lawsuits where a plaintiff is required to disclose information "of the utmost intimacy" are exceptions to the general requirement that parties use their real names to pursue cases in court.[23] The issue of the psychological harm to the plaintiff in losing anonymity may not have been presented to the court in this case.

In a more recent case, *Sealed Plaintiff v. Sealed Defendant*, the 2nd Circuit ruled that when considering whether to allow an adult plaintiff to proceed anonymously, a court must balance plaintiff's interest in proceeding anonymously against the interests of defendants and the public.[24] Specifically, the court acknowledged several factors as critical in deciding whether to allow a plaintiff to proceed anonymously: the vulnerability of the plaintiff, whether disclosure of the identity of the plaintiff would cause physical or mental harm to the plaintiff, the extent of that harm, and the highly sensitive and personal nature of the litigation.

### The Main Issue

Even though the legal landscape for deciding whether to allow sexual abuse victims to use pseudonyms appears complicated, it really boils down to ascertaining whether public identification of the victim will cause the victim further psychological or physical harm. Even though some courts have distinguished child plaintiffs from adult plaintiffs and civil litigation from criminal prosecution when considering pseudonyms, these distinctions crumble under scrutiny.

For example, one argument for treating sexual abuse victims differently is that sexual crimes against children should be considered more "intimate" than sexual crimes against adults.[25] Children are unquestionably considered to be more vulnerable than adults and therefore more likely to experience psychological harm if required to be publicly identified. This argument does not, however, compel the conclusion that while children need the protections of anonymity, adults do not. Few would disagree that sexual crimes against children and adults are both very traumatic and extremely intimate; arguably the distinction is no more than between "really horrible" and "really, really horrible." Both adults and children can suffer psychological and physical harm from public disclosure of their identity in a sexual abuse case. Thus, the same determination of further psychological or physical harm must be made in both cases.

Some courts have advocated that victims' requests for anonymity be treated differently in the civil justice system than in the criminal justice system.[26] These distinctions are often misguided. For example, some courts have concluded that sexual abuse victims should be given fewer rights to use pseudonyms in civil cases because the victim voluntarily filed a civil case. This distinction does not accurately reflect the practice in civil and criminal courts. Granted, civil lawsuits are voluntarily initiated when the plaintiff serves and files a civil complaint. With that said, almost all criminal cases also begin with a voluntary report by the victim to law enforcement which causes the government to file a criminal complaint. Should such a victim be required to use his name in the resultant criminal case? Neither the Minnesota state statutes nor the federal statutes require those who make voluntary reports to relinquish their anonymity. Why should voluntariness be a factor in a civil case?

Another argument for treating victims differently in criminal proceedings is that it encourages victims to report criminal sexual conduct to law enforcement authorities, thereby enabling the identification and prosecution of sexual predators. That is very true and one of the main reasons for a criminal justice system. The same argument is equally compelling in the civil justice system. Over the last decade, the civil justice system has proven more effective at identifying sexual predators and those that were complicit in their crimes than almost any area of law imaginable. In that time, much has been learned about the shortcomings of the criminal justice system in identifying predators and those who help them. Despite their dedicated, effective and increasingly sophisticated efforts, criminal prosecutors have often been hamstrung by short criminal statutes of limitations, limited discovery tools, and limits on retroactive legislation. The civil justice system has filled this gap in thousands of cases, the overwhelming majority of which were brought by allowing the victim to use a pseudonym. Our system and our communities are safer as a result of the identification of these sexual predators. It would be very difficult to justify the suppression of the identity of these predators on

grounds that the plaintiffs' identity had to be revealed.

Despite occasional variation in factors to be considered, deciding whether to allow a sexual abuse victim to proceed using a pseudonym requires determining whether the victim will suffer further psychological or physical harm if required to be publicly identified as a victim of sexual abuse. If the victim will suffer further harm, a pseudonym should be allowed. If not, then a pseudonym should not be allowed.

From a practical perspective, this means that if counsel representing a victim of sexual abuse in a civil case believes that public identification of the victim will cause the victim further harm, counsel should move the court for permission to proceed using a pseudonym. As part of the motion, counsel should include affidavits from the victim and any relatives, such as a spouse or sibling, describing how the victim will be further injured if required by the court to be publicly named. If the victim is a child, counsel should include affidavits from parents or guardians disclosing the child's age and the nature of the crime, noting that the victim's name has not been made public, and stating the desires of the victim, the parents, or other relatives to prevent public disclosure of the identity of the child victim. The motion should also include an affidavit from a mental health professional indicating that public disclosure of the victim's identity will cause further psychological or physical harm to the victim.

This approach satisfies each of the competing interests involved in this discussion. The case can remain open to the public with the exception of the identity of the victim. The victim is not revictimized by participating in either criminal or civil proceedings, and both systems perform important functions of dispensing justice for all involved. ▲



**PATRICK NOAKER** is a senior litigation attorney with the law firm of Jeff Anderson & Associates in St. Paul, Minnesota, representing survivors of sexual abuse and other crimes.

### Notes

[1] *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).
[2] *State ex rel. Doe v. Madonna*, 295 N.W.2d 356 (Minn. 1980).
[3] *W.J.L. v. Bugge*, 573 N.W.2d 677 (Minn. 1998); *D.M.S. v. Barber*, 645 N.W.2d 383 (Minn. 2002); *Jane Doe 43C v. Diocese of New Ulm*, 787 N.W.2d 680 (Minn. App. 2010); *John Doe 1-22 v. Roman Catholic Bishop of Fall River*, 509 N.W.2d 598 (Minn. App. 1993); *John Doe 76C v. Archdiocese of St. Paul and Minneapolis*, 801 N.W.2d 203 (Minn. App. 2011); *Doe v. F.P.*, 667 N.W.2d 493 (Minn. App. 2003).
[4] *Doe v. Minnesota State Board of Medical Examiners*, 435 N.W.2d 45 (Minn. 1989).
[5] *Luckett v. Beaudet*, 21 F.Supp.2d 1029 (D. Minn. 1998), citing *Craig v. Harney*, 331 U.S. 367, 374, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947) and *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).
[6] *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 570-71, 100 S. Ct. 2814, 2823-24, 65 L. Ed. 2d 973 (1980).
[7] *Id.* 448 U.S. at 580, 100 S.Ct. at 2829, 65 L. Ed. 2d 973, citing to *Branzburg v. Hayes*, 408 U.S. 665, 681, 92 S.Ct. 2646, 2656, 33 L.Ed.2d 626 (1972).
[8] *Nixon v. Warner Communications*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978); *Webster Groves School District v. Pulitzer Publishing Company*, 898 F.2d 1371, 1376-77 (8th Cir. 1990); *In re Search Warrant for Secretarial Area-Gunn*, 855 F.2d 569, 573 (8th Cir. 1988).
[9] *Richmond Newspapers*, 448 U.S. at 580 note 17, 100 S. Ct. at 2829, 65 L.Ed.2d 973; *Webster Groves School District*, 898 F.2d at 1376-77; *In re Search Warrant*, 855 F.2d at 573; *Luckett*, 21 F.Supp.2d at 1029; *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1071 (3rd Cir. 19840; *New York Civil Liberties Union v. New York Transit Authority*, 652 F.3d 247, 258 (2nd Cir. 2011).
[10] Minn. Stat. §13.82, Subd. 8, 9 and 17.
[11] 18 U.S.C.A. §3509 (d) and (e).
[12] Minn. Stat. §13.82, Subd. 1.
[13] See *W.J.L. v. Bugge*, 573 N.W.2d 677 (Minn. 1998); *D.M.S. v. Barber*, 645 N.W.2d 383 (Minn. 2002); *Jane Doe 43C v. Diocese of New Ulm*, 787 N.W.2d 680 (Minn. App. 2010); *John Doe 1-22 v. Roman Catholic Bishop of Fall River*, 509 N.W.2d 598 (Minn. App. 1993); *John Doe 76C v. Archdiocese of St. Paul and Minneapolis*, 801 N.W.2d 203 (Minn. App. 2011); *Doe v. F.P.*, 667 N.W.2d 493 (Minn. App. 2003).
[14] 18 U.S.C.A. §3509 (d).
[15] *Webster Groves School District*, 898 F.2d 1373.
[16] *Id.* at 1374-75.
[17] *Id.* at 1375.
[18] *Id.*
[19] *Webster Groves School District*, 898 F.2d. at 1376.
[20] *Globe Newspaper Company v. Superior Court for the County of Norfolk*, 457 U.S. 596, 608-610, 102 S.Ct. 2613, 2622, 73 L.Ed.2d 248 (1982).
[21] *Plaintiff B v. Francis*, 631 F.3d 1310, 1313-19 (11th Cir. 2011).
[22] *Id.*; see also *Doe v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).
[23] *Luckett*, 21 F.Supp.2d at 1029, citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). See also *Milavetz, Gallop & Milavetz P.A. v. United States*, 355 B.R. 758, 763 (D. Minn. 2006); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004)
[24] *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190-91 (2nd Cir. 2008).
[25] Compare *Luckett*, 21 F.Supp.2d at 1029 and *Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y.1996) to *Plaintiff B v. Francis*, 631 F.3d 1310, 1313-19 (11th Cir. 2011).
[26] See *Luckett*, 21 F.Supp.2d at 1029 and *Shakur*, 164 F.R.D. at 361.