### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-CV-392-JHP-TLW** |
| | ) | |
| **(1) DEFENDANT A,** | ) | |
| **(2) DEFENDANT B,** | ) | |
| **(3) DEFENDANT C, and** | ) | |
| **(4) DEFENDANT D,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### THE SCHOOL DEFENDANTS' RESPONSE IN
### OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

The defendants, Independent School District No. 5 of Creek County, Oklahoma, identified in the caption as "Defendant C" (the "School District"), and the Board of Education of Independent School District No. 5, identified in the caption as "Defendant D" (the "Board of Education"), respectfully submit this response in opposition to the Plaintiff's Motion for Protective Order and Brief in Support [Dkt. No. 29]. Unless referred to individually, the School District and the Board of Education will be referred to collectively as the "School Defendants."

The plaintiff, Jane Doe (the "Plaintiff"), is an adult female who previously attended the School District. The Plaintiff's mother arranged for the Plaintiff to receive mental health counseling from Defendant A, a licensed professional counselor who was providing mental health counseling to other students at the School District. As a convenience to its students and their parents, the School District allowed Defendant A to come onto its property to provide counseling to his clients. This practice enabled students whose families had chosen to obtain professional mental health counseling to see a mental health professional during the school day without requiring the student to miss school and without requiring the student's parent to miss

work to transport the student to the counseling sessions.   The Plaintiff's mother utilized this procedure and arranged to have Defendant A provide mental health counseling to the Plaintiff at the School District.

Defendant A was neither an employee nor an independent contractor of the School District, and the School District had absolutely no supervisory authority over Defendant A.

The Plaintiff alleges that sometime after she reached 16, the age of consent in Oklahoma,[1] she began a sexual relationship with Defendant A.  She has now brought suit against Defendant A, his corporation, Defendant B, and the School Defendants.[2]  The Plaintiff asserts claims against the School Defendants under Title IX of the Education Amendments of 1972 and 42 U.S.C. § 1983.   She also asserts state law claims for intentional infliction of emotional distress and negligence.   The School Defendants have moved to dismiss all of the Plaintiff's claims against them.  Motion to Dismiss and Brief in Support [Dkt. Nos. 34 and 35].

The Plaintiff has filed a motion for a protective order seeking to conduct this litigation under the pseudonym of "Jane Doe."  In her affidavit filed under seal on August 1, 2012, the Plaintiff states her rationale for seeking to proceed with this lawsuit under a pseudonym:

> I still attend the high school where these events were initiated and it would be severely humiliating and embarrassing if other people, including all the other students and teachers, became aware of these very intimate personal matters.

Affidavit (filed under seal) [Dkt. No. 30], ¶ 3.

The Tenth Circuit has stated that a plaintiff should be allowed to proceed anonymously only in "exceptional cases." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000), and *M.M.*

---

[1] OKLA. STAT. tit. 21, § 1111(A)(1) (2011).

[2] Because the Plaintiff chose to proceed under a pseudonym when she filed this action in state court, she was required by OKLA. STAT. tit. 51, § 24A.29(F) (2011) to use fictitious names for all of the parties.  In their Notice of Removal [Dkt. No. 2], the School Defendants voluntarily disclosed their identities.

*v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998), both quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).   In both cases, the Tenth Circuit observed that "[t]he risk that a plaintiff may suffer some embarrassment is not enough" to justify proceeding with litigation under a pseudonym.   *Id.*   Because the only privacy consideration identified by the Plaintiff is her concern about suffering embarrassment, her motion for a protective order should be denied.

Moreover, contrary to the sworn representations in the Plaintiff's affidavit, the Plaintiff is no longer attending the School District.   The affidavit of Stephen Sturgeon, the School District's high school principal, recites that on August 2, 2012, **only three days after the Plaintiff signed the affidavit cited above**, the School District received a notice from the Sapulpa School District that the Plaintiff was enrolling in the Sapulpa School District and requesting the Plaintiff's education records be forwarded to the Sapulpa School District.   Affidavit of Stephen Sturgeon (filed under seal) [Dkt. No. 37].   Sturgeon's affidavit further states that classes began at the School District on August 6, 2012, and the Plaintiff has not attended any classes at the School District in the current school year.

Because the Plaintiff cannot satisfy the heavy burden required to conduct litigation under the cloak of anonymity, her motion for a protective order should be denied, and she should be required to disclose her identity or dismiss this action in its entirety.

### Argument and Authorities

The Tenth Circuit has made it clear that proceeding under a pseudonym in federal court is an "unusual procedure."   *Femedeer*, 227 F. 3d at 1246; *Zavaras*, 139 F.3d at 800.   In both *Femedeer* and *Zavaras*, the Tenth Circuit quoted the following language from the Eleventh Circuit's decision in *Doe v. Frank, supra*:

> Lawsuits are public events.   A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly

sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff might suffer some embarrassment is not enough.

*Femedeer*, 227 F. 3d at 1246, and *Zavaras*, 139 F.3d at 803, both citing *Doe*, 951 F.2d at 324.

In *Freedom from Religion Foundation, Inc. v. Cherry Creek School District*, 2009 WL 2176624 (D. Colo., July 22, 2009), a district court within the Tenth Circuit observed that federal courts have "an independent duty to determine whether 'exceptional circumstances' warrant a departure from the normal method of proceeding in federal courts." *Id.* at *5. In addition to citing the Tenth Circuit's decision in *Femedeer*, the court pointed to *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (noting that the use of fictitious names is disfavored), and *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (acknowledging a court's discretion to grant "'the rare dispensation' of anonymity against the world"). *Freedom from Religion Foundation* at *5.

The Tenth Circuit noted in *Femedeer* that "the public has an important interest in access to legal proceedings," and the court observed that "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*, 227 F.3d at 1246. "The Tenth Circuit has recognized the substantial benefit associated with open court proceedings, and the public's concomitant interest in knowing the identity of litigants." *Freedom from Religion Foundation* at *5, citing *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 Fed. Appx. 810, *1 (10th Cir. 2006), *cert. denied*, 549 U.S. 1252 (2007). In *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005), the Seventh Circuit pointed out that "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret."

In order to proceed anonymously, a plaintiff must show that his or her privacy interests outweigh these important public interests. "The issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant." *Zavaras*, 139 F.3d at 800. As the Eleventh Circuit explained in *Doe v. Frank*, "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe*, 951 F.2d at 323.

The only privacy interest identified by the Plaintiff is her desire to avoid the embarrassment and humiliation that she alleges she would suffer if her name becomes public.

The controlling precedent from the Tenth Circuit establishes that the Plaintiff's concern about embarrassment and humiliation "is not enough to justify" proceeding anonymously. *Femedeer*, 227 F. 3d at 1246; *Zavaras*, 139 F.3d at 803. Although the Plaintiff submits a conclusory affidavit from her psychiatrist, Dr. Michael Arambula, opining that the Plaintiff will suffer "further mental harm" by being required to disclose her name, this affidavit does not in any way suggest that such "mental harm" will consist of anything more than embarrassment at having her relationship with Defendant A revealed.

Moreover, Dr. Arambula's opinion is presumably based on the same incorrect information that the Plaintiff provided to this Court: that she would continue to attend school in "the school district where these events were initiated," Affidavit (filed under seal) [Dkt. No. 30], ¶ 3, "surrounded by people who know both the [Plaintiff] and her abuser." Plaintiff's Motion for Protective Order and Brief in Support [Dkt. No. 29], p. 10. In fact, the Plaintiff is no longer attending the School District, and the School District has been notified by the Sapulpa School District that the Plaintiff intends to enroll in the Sapulpa School District. Affidavit of Stephen

Sturgeon (filed under seal) [Dkt. No. 37].   Because classes started at the School District on August 6, and the Plaintiff has not attended a single class, the affidavit the Plaintiff submitted to this Court is false and should be disregarded.   The affidavit of Dr. Arambula is inherently unreliable for the same reason and should also be disregarded.

Moreover, the Plaintiff herself acknowledges that **she has already publicly disclosed her name** in connection with this matter by filing a petition for a protective order against Defendant A in state court.   The district court docket sheet reflects that the Plaintiff filed that action over one year ago.   Although the Plaintiff represents that she is currently seeking an expungement of the court records of that proceeding, the district court docket sheet reflects that her motion for expungement was filed on the same day she filed her motion for a protective order in this court. Thus, the Plaintiff allowed her name to appear on public court records **for over one year** before taking any action to attempt to expunge those records.[3]   Such belated action refutes the Plaintiff's assertion that she has attempted to preserve her anonymity.

In addition, the notice of tort claim submitted to the School Defendants in September of 2011 disclosed the Plaintiff's name, notwithstanding that the Plaintiff was a minor at that time. Notice of Tort Claim (filed under seal) [Dkt. No. 38].   Although the Governmental Tort Claims Act requires that a notice of tort claim be sent only to the clerk of a school district's board of education, OKLA. STAT. tit. 51, § 156(D) (2011), the Plaintiff's notice of tort claim was addressed to the Clerk of the Board of Education, the President of the Board of Education, the Superintendent of the School District, the principal of the high school, the principal of the middle

---

[3] This delay is particularly telling given that the district court docket sheet also reflects that the attorney who represents the Plaintiff in this action entered an appearance on behalf of the Plaintiff in the state court proceeding in October of 2011.

school, the secretary of the high school, and the secretary of the middle school. Again, these are not the actions of an individual who is concerned with preserving her anonymity.

The Plaintiff asserts that although she is now an adult, "she does not yet have the emotional maturity of an adult." Plaintiff's Motion for Protective Order and Brief in Support [Dkt. No. 29], p. 2. Yet this bald assertion is not supported by any evidentiary materials. The affidavit of the Plaintiff's psychiatrist, Dr. Arambula, says absolutely nothing to indicate that the Plaintiff's emotional maturity is not commensurate with her age.

The Plaintiff argues that she should be allowed to proceed anonymously because she contends that she is a sexual assault victim. The Plaintiff cites *Plaintiff B. v. Francis*, 631 F.3d 1310 (11th Cir. 2011), in which the Eleventh Circuit reversed the district court's decision to deny the motion of a number of female plaintiffs to proceed anonymously in their action against the producer of sexually-explicit videos. The Plaintiffs alleged that when they were minors, and while intoxicated or otherwise impaired, they had signed releases falsely representing that they were over 18 and consented to being videotaped naked or engaging in sexually explicit activities. The Eleventh Circuit concluded that the district court erred by failing to take into account all of the relevant factors before deciding whether to grant or deny the plaintiffs' motion to proceed anonymously. *Id.* at 1316. The court remanded the case to the district court with directions to consider all of the relevant factors.

Significantly, the Eleventh Circuit did **not** direct the district court to allow the plaintiffs to proceed anonymously. Indeed, the court acknowledged that the district court "may ultimately be correct" in denying some of the plaintiffs permission to proceed anonymously. *Id.* at 1317. The district court's error was in failing to take into account all of the relevant considerations.

The Eleventh Circuit emphasized that the plaintiffs had presented "a convincing case" that they risked being **permanently** linked with the adult videos in question:

> At the very least, websites such as IMBD.com – an online encyclopedia of movies and actors that has millions of visitors each month – will probably list the Plaintiffs as "stars" of these videos. These movies are still freely available for purchase through retailers like Amazon.com. Anyone entering the Plaintiffs' names into an online search engine will find several links containing articles discussing their appearance in these videos.

*Id.* at 1318. The court emphatically stated that consideration of "all of the circumstances" in the case before it required the district court to take into account the cost to the plaintiffs of "a lifetime of being subjected to any online shopper's desire for underage nudity." *Id.*

There is no comparable concern in this case. Indeed, the Eleventh Circuit acknowledged that "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Id.* at 1316. **That** is the relevant privacy concern in this case – some temporary personal embarrassment, not a lifetime of having one's name associated with adult videos. Accordingly, this case is governed by *Femedeer* and *Zavaras*, not *Francis*.

## Conclusion

The Plaintiff fails to make a sufficient showing to be allowed to conduct this litigation under a pseudonym. The only concern the Plaintiff identifies in her affidavit is that she will suffer embarrassment and humiliation if her name is disclosed. The Tenth Circuit has made it clear that such a concern "is not enough" to justify proceeding under a pseudonym. *Femedeer*, 227 F. 3d at 1246; *Zavaras*, 139 F.3d at 803.

The Plaintiff stated in her affidavit, which she signed on July 30, that she still "attend[s] school in the school district where these events were initiated," Affidavit (filed under seal) [Dkt. No. 30], ¶ 3. Yet on August 2, the School District received a request for the Plaintiff's education

records from the Sapulpa School District stating that the Plaintiff intends to enroll in the Sapulpa School District.  Affidavit of Stephen Sturgeon (filed under seal) [Dkt. No. 37].  Although classes at the School District began on August 6, the Plaintiff has not attended any classes.

If there was any merit to the Plaintiff's concern about disclosing her identity while she was still a student at the School District, "surrounded by people who know both the [Plaintiff] and her abuser," Plaintiff's Motion for Protective Order and Brief in Support [Dkt. No. 29], p. 10, that concern has been obviated by the Plaintiff's decision to attend the Sapulpa School District.  The Plaintiff's motion to proceed with this litigation under a pseudonym should be denied.

Respectfully submitted,

**ROSENSTEIN, FIST & RINGOLD**

 _s/_ Eric D. Wade
**Eric D. Wade, OBA No. 19249**
**Jerry A. Richardson, OBA No. 10455**
**525 South Main, Suite 700**
**Tulsa, OK 74103**
**(918) 585-9211 – telephone**
**(918) 583-5617 – facsimile**
_ericw@rfrlaw.com_
_jerryr@rfrlaw.com_

**ATTORNEYS FOR DEFENDANTS C AND D**

## CERTIFICATE OF DELIVERY

☒     I hereby certify that on August 14, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Raymond S. Allred
A. Laurie Koller
Carr & Carr, Attorneys
4416 South Harvard Avenue
Tulsa, OK 74135
lkoller@carrcarr.com
rallred@carrcarr.com

James K. Secrest, II
James K. Secrest, III
SECREST, HILL, BUTLER & SECREST
7134 South Yale Ave., Suite 900
Tulsa, OK 74136-6360
jsecrest@secresthill.com
jsecrest3@secresthill.com

J. Spencer Bryan
Steven J. Terrill
BRYAN & TERRILL LAW, PLLC
401 S. Boston, Suite 2201
Tulsa, OK 74103
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

☐     I hereby certify that on August 14, 2012, I served the attached document by United States Certified Mail, Return Receipt Requested on the following, who are not registered participants of the ECF System:

 s/ Eric D. Wade
Eric D. Wade

10